Filed 6/22/21  P. v. Thompson CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MATHEW ARLIN THOMPSON,<br><br>    Defendant and Appellant. | B309117<br><br>(Los Angeles County Super. Ct. No. NA091280) |

THE COURT:

In 2013, a jury found defendant and appellant Mathew Arlin Thompson guilty of one count of second degree murder (Pen. Code, § 187, subd. (a); count 1),[1] two counts of attempted murder (§§ 664, 187, subd. (a); counts 6 & 7), and one count of shooting at an inhabited dwelling (§ 246; count 3).  (*People v. Thompson* (May 19, 2015, B252528) [nonpub. opn.], p. 2.)  The jury also found true gang and firearm enhancement allegations.

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

(*Ibid.*) The trial court sentenced defendant to a total term of 140 years to life in state prison and imposed various fines and fees. (*Id.* at p. 14.)

On direct appeal, we remanded the matter for the limited purpose of resentencing. We directed the trial court to "strike the 20-year firearm enhancement on count 1; strike the 15-years-to-life gang enhancements on counts 3, 6 and 7; exercise its sentencing discretion on the sentence range for count 3; modify the sentences on counts 6 and 7 to indeterminate life sentences; and strike the $1,000 assessment and surcharge." (*People v. Thompson, supra*, B252528, at p. 16.) We affirmed the judgment in all other respects. (*Ibid.*)

On February 4, 2020, defendant, in propria persona, filed a petition for resentencing pursuant to section 1170.95. The trial court appointed counsel to represent defendant. The People filed an opposition to the petition and attached, as exhibits, the prosecutor's closing argument and the jury instructions given. Defendant's counsel did not file a reply.

On November 16, 2020, the trial court held a hearing on defendant's petition for resentencing. At the hearing, defendant made a motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118, which the trial court denied. The trial court then denied defendant's petition on the ground that, although defendant was not the actual killer, he was convicted as an aider and abettor and not under the natural and probable consequences doctrine or a felony murder theory of liability.

Defendant timely appealed from the trial court's order. Appointed appellate counsel filed a brief raising no issues and asking this court to independently review the entire record on appeal for arguable issues, pursuant to the procedures set forth

2

in *People v. Wende* (1979) 25 Cal.3d 436.  On April 2, 2021, we notified defendant that he had 30 days within which to personally submit any grounds of appeal, contentions, or argument for us to consider.  To date, defendant has not filed a supplemental brief.

This appeal is from an order denying postconviction relief rather than defendant's first appeal of right from a criminal conviction.  Therefore, we are not required to conduct an independent review for arguable issues.  (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039, review granted Oct. 14, 2020, S264278; see also *People v. Serrano* (2012) 211 Cal.App.4th 496, 501.)

Because defendant has not filed a supplemental brief identifying any issue warranting reversal, we dismiss this appeal as abandoned.  (*People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1039–1040; *People v. Figueras* (2021) 61 Cal.App.5th 108, 112–113, review granted May 12, 2021, S267870; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1129–1130, review granted Mar. 17, 2021, S266853; but see *People v. Flores* (2020) 54 Cal.App.5th 266, 269 [holding "that when an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but the court can and should do so in the interests of justice"]; *People v. Allison* (2020) 55 Cal.App.5th 449, 456; *People v. Gallo* (2020) 57 Cal.App.5th 594, 599.)

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

LUI, P. J.        ASHMANN-GERST, J.        CHAVEZ, J.